# In the United States Court of Federal Claims
No. 13-361 C
(Filed May 30, 2013)

```
* * * * * * * * * * * * * * *  *
EXCEL MANUFACTURING, LTD.,     *
                               *
            Plaintiff,         *
                               *
       v.                      *
                               *
THE UNITED STATES,             *
                               *
            Defendant.         *
                               *
* * * * * * * * * * * * * * *  *
```

## SCHEDULING ORDER

Plaintiff Excel Manufacturing, Ltd. (Excel) filed its bid protest complaint on May 29, 2013. In its complaint, Excel challenges a contract award by Defense Logistics Agency Troop Support (DLATS) to Tennier Industries, Inc. (Tennier). In this protest, Excel seeks a permanent injunction and declaratory relief, and has also requested a temporary restraining order (TRO) and a preliminary injunction.

The court held a telephonic status conference with counsel on May 30, 2013. Participating with the undersigned in the teleconference were:

       Marc Lamer, counsel for plaintiff;
       Seth W. Greene, counsel for defendant;
       Allison Eck, DLATS;
       Keith Levinson, DLATS;
       Ruth Gannister, counsel for Tennier;
       John Bean, law clerk.

Plaintiff and the government had no objection to Tennier intervening in this case; counsel for Tennier stated an intention to file an unopposed motion to intervene

imminently, along with a corporate disclosure statement.  Likewise, plaintiff's counsel agreed to promptly file a corporate disclosure statement.

The court suggested, and the parties agreed, that this protest could best be resolved on the merits.  In furtherance of this goal, the government has agreed to defer placing further orders with Tennier until mid-July of this year.  This agreement renders Excel's requests for a TRO and a preliminary injunction moot.  The court, with the parties' agreement, set a briefing schedule which would efficiently resolve the requests for permanent injunctive and declaratory relief stated in plaintiff's complaint.

As a preliminary matter, the parties agreed that a protective order is necessary in this case.  The parties agreed that the court's standard protective order is acceptable to them.  There were no objections to Mr. Lamer and Ms. Gannister having access to protected material in this case.  The protective order shall issue on this date, to be immediately followed by applications for admission to the protective order by counsel for plaintiff and Tennier.

The court established a briefing schedule that meets the needs of the parties and the court.  The schedule agreed to by the parties depends generally on the cooperation of the parties, and specifically on achieving consensus regarding the contents of the administrative record, before that record is filed with the court.  The court reserves the right to schedule oral argument if the issues discussed in the parties' briefs would benefit from further elucidation of the parties' legal arguments.  The particulars of the briefing schedule are set forth below.

Accordingly, it is hereby **ORDERED** that:

(1) Plaintiff's Motion for a Temporary Restraining Order, filed May 29, 2013, is **DENIED** as moot;

(2) Plaintiff's Motion for a Preliminary Injunction, filed May 29, 2013, is **DENIED** as moot;

(3) Plaintiff's Motion for Leave to File Complaint and Certain Accompanying Documents Under Seal, filed May 29, 2013, is **GRANTED**;

(4) Defendant shall **FILE** the Administrative Record in CD-ROM format no later than **5:00 p.m. eastern time** on **June 4, 2013**. Defendant shall **DELIVER** two bound, tabbed and indexed paper copies of the Administrative Record to chambers no later than **5:00 p.m. eastern time** on **June 4, 2013**;

(5) Plaintiff shall **FILE** its Motion for Judgment on the Administrative Record no later than **5:00 p.m. eastern time** on **June 11, 2013**;

(6) Defendant and Intervenor-Defendant shall **FILE** their Cross Motions for Judgment on the Administrative Record and Responses to Plaintiff's Motion for Judgment on the Administrative Record by **5:00 p.m.**, **eastern time** on **June 18, 2013**;

(7) Plaintiff shall **FILE** its Response/Reply to Defendant's and Intervenor-Defendant's Cross Motions by **5:00 p.m.**, **eastern time** on **June 21, 2013**;

(8) Defendant and Intervenor-Defendant shall **FILE** their Replies by **5:00 p.m.**, **eastern time** on **June 26, 2013**;

(9) Whenever briefing, including exhibits and attachments, causes an electronic filing to exceed thirty pages, the party shall **DELIVER** two paper courtesy copies of that filing to chambers by **5:00 p.m. eastern time** on the day of the filing;

(10) Should the government's position on the temporary stay of delivery orders change, defendant shall **INFORM** the court of its request to lift or modify the stay at least five days before taking action inconsistent with its agreement to the temporary stay described in this order.

/s/Lynn J. Bush  
LYNN J. BUSH  
Judge